1            IN THE UNITED STATES DISTRICT COURT

2                 FOR THE DISTRICT OF NEVADA

3    CRAIG GAMBLE, an              )
     individual; MICHAEL SIMMONS,)
4    an individual; RICHARD       )
     CALDWELL, an individual; on )
5    behalf of themselves and all)
     others similarly situated as)
6    referenced herein,           )
                                  )  Case No. 2:13-cv-1009-JCM-PAL
7           Plaintiffs,           )           2:13-cv-1043-JCM-PAL
                                  )           2:13-cv-1801-JCM-PAL
8                                 )  Las Vegas, Nevada
        vs.                       )  March 31, 2015
9                                 )  10:00 a.m.
     BOYD GAMING CORPORATION, a   )
10   Nevada corporation; DOES 1   )
     through V, inclusive; and    )
11   ROE corporations I through   )
     V, inclusive,                )
12                                )  Motion Hearing [228]
            Defendants.           )
13   _____)

14                TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE PEGGY A. LEEN
15      UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

16   APPEARANCES:

17   (See page 2.)

18

19

20   Recorded by:  Jeff Miller

21

22

23   Transcribed by:  Katherine Eismann, CSR, CRR, RDR
                      (702)431-1919  eismann.csr@gmail.com
24
     Proceedings recorded by electronic sound recording.  Transcript
25   produced by mechanical stenography and computer.

1          (Tuesday, March 31, 2015, 10:00 a.m.)

2                        --oOo--

3               P R O C E E D I N G S

4          COURTROOM ADMINISTRATOR:  All rise.

5          THE COURT:  Good morning.  Please be seated.

6          COURTROOM ADMINISTRATOR:  Your Honor, we are now

7     calling the motion hearing in the matter of Craig Gamble versus

8     Boyd Gaming Corporation.

9               The case number is 2:13-cv-1009-JCM-PAL.  Beginning

10     with plaintiff's counsel, counsel please state your names for

11     the record.

12          MS. THRONSON:  Ashley Thronson from Nichols Kaster

13     here on behalf of the plaintiffs.

14          MS. KUBIN:  Good morning, Your Honor.  Karen Kubin of

15     Morrison & Forester for the defendant.

16          THE COURT:  This is set on the defendant's Emergency

17     Motion to Compel Plaintiffs to Appear for Deposition.  This

18     appears to have been a work in progress.  There's another

19     motion to compel that I have set for hearing on April the 28th.

20               And, counsel, why don't you bring me up to date with

21     your ongoing efforts to get the folks that the defendants

22     requested deposed deposed.

23          MS. KUBIN:  Thank you, Your Honor.  Since -- well, to

24     this date, we've noticed 34 plaintiffs.  That was the original

25     set of plaintiffs that we noticed.  18 have appeared and

1  testified of those 34.

2          One has been offered for either April 7 or April 8.

3  That is Elsa Henderson.  The remaining 15 plaintiffs have

4  completely failed to appear and testify at their depositions.

5          So, what we are asking the Court, at this point, is

6  that Ms. Henderson and the other 15 plaintiffs be ordered to

7  appear for their depositions.  We would ask that they appear on

8  dates, times, and places to be noticed by defendant, obviously,

9  on short notice, working cooperatively with the plaintiffs to

10  set those.

11          They'll doubtless be by videoconference at this

12  point, but to have them completed by April 10.  And further,

13  that defendant be allowed to notice new plaintiffs, to the

14  extent that any of those 16 remaining plaintiffs fail or refuse

15  to appear for the -- for their depositions as ordered by this

16  Court, so that we can try to achieve the full complement of the

17  34 depositions we set out to obtain.

18          We would ask that we be allowed to do that by

19  April 13, with the depositions to be completed by April 24.

20  These are very aggressive timeframes, but dispositive motions

21  are due on April 29.  And we do intend to file a motion to

22  decertify the class.

23          We've obtained very valuable information from the 18

24  depositions we've taken so far, and we very much want to

25  complete that process in time to include the additional

1  testimony in our moving papers.

2          THE COURT:  How many of the 15 that you still want to

3  depose are current employees?

4          MS. KUBIN:  I would have to double back to check

5  that.  I'm not sure, Your Honor, that I have that information

6  readily at hand.

7          THE COURT:  How did you select these 34?

8          MS. KUBIN:  We selected them, with the assistance of

9  our expert, to try to get a fair cross-sampling of properties,

10 departments, job titles, job duties, et cetera.  There was no

11 particular focus on whether people were current employees or

12 former employees.  That was not the object.

13          And frankly, Your Honor, I --

14          THE COURT:  You have a criteria that you -- that you

15 relied on your expert for selection, but the actual names

16 doesn't really matter.  Some of these people have health

17 problems, according to opposing counsel.  Some of them have

18 other issues about appearing in the action.

19          Plaintiffs' counsel offered to provide substitute

20 plaintiffs for the ones who were having some issues.  What, if

21 any, efforts have you made to try to substitute individuals

22 that fit your criteria?

23          MS. KUBIN:  We have not attempted to substitute,

24 because we feel, under the case law, the plaintiffs, who we

25 noticed, are obligated to attend.  There's no --

1          THE COURT:  Let me stop you, because I'm -- I have

2     some specific questions that -- the answer is none, because you

3     want to take the people that you wanted to take, and I

4     understand that.

5          The other issue is did you unilaterally notice these,

6     without, in advance, conferring with opposing counsel about

7     their availability and the witnesses' availability and

8     convenience?

9          MS. KUBIN:  Yes, we did.  We unilaterally noticed the

10    depositions, and we've been working since then to accommodate

11    counsel's schedules, the witness's schedule, and other

12    difficulties.

13         For example, there was one witness who was reported

14    to have recently had a death in the family.  We said we would

15    take his deposition off calendar to be rescheduled.  That was

16    in mid-February.  We still have not been provided a date for

17    that deposition.

18         There was another -- a plaintiff who resides in Utah,

19    and he did not want to travel to Las Vegas for his deposition.

20    Notwithstanding their case law that obligates him to do that,

21    we said we would take his deposition by videoconference.  We

22    still don't have a date for that deposition.

23         THE COURT:  Let me hear from opposing counsel.

24         MS. KUBIN:  Thank you.

25         THE COURT:  The defense counsel said that they have

1   deposed a few of your folks, and they are not convinced that

2   you were all that prompt in attempting to contact them and make

3   them available for deposition.  I'd like you to start with

4   that.

5           What effort did you undertake in order to try to make

6   the people that the defendant selected for deposition

7   available?

8           MS. THRONSON:  Certainly, Your Honor.  From the

9   minute that these individuals were noticed, both our firm and

10  co-counsel in -- here in Las Vegas undertook efforts to

11  immediately get a hold of these individuals and to thereafter

12  work diligently to confirm and schedule these individuals for

13  depositions.  And if they weren't available for the times that

14  were noticed, we tried to move around the schedules to get as

15  many of these people in as possible.

16          You asked specifically as to efforts.  We've made

17  multiple phone calls.  We've sent out multiple FedEx -- or

18  multiple letters via FedEx and US mail to these individuals,

19  and we also sent out emails where we had email addresses.

20          All of these efforts have been communicated and are

21  well documented, both within plaintiffs' internal records as

22  well as the affidavits and exhibits attached to the parties'

23  briefing.  If the Court wishes --

24          THE COURT:  With respect to the individuals that are

25  current employees, who don't want to appear because they are

1    afraid of retaliation, have you explained to them, of course,

2    that that would be contrary to the law, and that you will make

3    sure that their legal rights are protected during their

4    deposition?

5            MS. THRONSON:  Of course, Your Honor.  That is the

6    first thing out of our mouths is that it is certainly illegal

7    for the defendant to retaliate in the manner, but yet these --

8    a lot of these people, the ones that fear retaliation, are

9    long-term employees there and just simply don't think it's

10   worth putting their job on the line in order to recover what

11   might be a couple hundred dollars in damages.

12           THE COURT:  Well, do they still wish to participate

13   in this action?

14           MS. THRONSON:  Yes, Your Honor.

15           THE COURT:  Well, then they are going to have to

16   participate in discovery.  I mean, that's -- if they wish to be

17   plaintiffs in this case, if they wish to participate in the

18   action, that's the proverbial price of admission.

19           MS. THRONSON:  Understood, Your Honor.  It is -- it

20   is well within the Court's discretion to move to -- excuse

21   me -- to order these people to appear for their depositions.

22           It is simply the plaintiffs' position that, first of

23   all, dismissal would be much too harsh and unwarranted in the

24   circumstances.  And in any event, it's premature, as defendants

25   first raised the issue of dismissal in its reply brief, so we

1    haven't had a chance to fully brief this issue.

2          Additionally, defendant is not prejudiced by not

3    taking these exact individuals' depositions.  There are 21,000

4    people, approximately, in this collective.  And by defendants'

5    own admission, there's nothing special about these particular

6    individuals.  There are over 2,000 other people from which

7    defendant itself can select to satisfy its discovery burdens.

8          And given -- while there is case law, as defendant

9    indicates, that dismissal might be an appropriate sanction in

10   such situations, there's also ample case law going the other

11   way that indicates that dismissal is much too harsh, especially

12   when the defendant is not prejudiced.

13         So, we would ask if the Court is even considering the

14   issue of sanctions, that plaintiffs be given the opportunity to

15   fully brief the issue before an order comes down.

16         THE COURT:  Well, I'm merely asking you what efforts

17   you've made to persuade these folks that if they want to be in

18   a lawsuit, they need to participate in discovery, and their

19   subjective fears is not a grounds.  They have legal protection

20   for not being retaliated against by their employer.

21         And the current employees seem to me to be an easier

22   group to address, because they are people where we know where

23   they are, and the employer can certainly accommodate their

24   schedule, if work is an obstacle for them appearing for their

25   deposition.

1          With respect to the people who have health problems,

2    what have you done to follow up with them and find out what

3    their current situation is?  We have someone who is on kidney

4    dialysis, Plaintiff Campbell?

5          MS. THRONSON:  Yes, Your Honor.

6          THE COURT:  And Miss Kubin, you really want to insist

7    that someone that's on dialysis appear for a deposition?

8    There's no other substitute for this person?

9          MS. KUBIN:  Your Honor, I have no -- there is no

10   evidence provided to me or to this Court as to what this

11   person's condition is.  There is a wide range of situations

12   calling for dialysis.

13         That representation was made to us six weeks ago.  We

14   are not trying to be unreasonable, but we are trying to get

15   this discovery done, and I am aware of many conditions that

16   call for dialysis that does not impair ones daily functions.

17         And again, we're taking these by videoconference.

18   So, unless there's some evidence, before the Court, that this

19   person cannot appear, that it would be injurious to the

20   person's health, I submit, yes, we are entitled to -- to take

21   the deposition.

22         We're very concerned, frankly, that there's been some

23   cherry picking going on.  Now, so, so --

24         THE COURT:  You're the ones that cherry picked, among

25   all of the people who have opted in, which 34 of the more than

1   2,000 you wanted to depose.  Now, some of these people, I

2   appreciate your observation in that you have no backup for the

3   assertion that their health is such that it would prohibit even

4   a telephonic or a videotaped deposition, which is why I asked

5   counsel what, if anything, she had done to learn the current

6   situation, and to verify that this is a legitimate concern, and

7   not an inconvenience, which all discovery is.

8           MS. KUBIN:  And if I may, Your Honor --

9           THE COURT:  I would ask -- I'm directing counsel --

10          MS. KUBIN:  Thank you, Your Honor.

11          THE COURT:  -- to respond to that.

12          MS. THRONSON:  Yes, Your Honor.  So, according to my

13  documentation, from -- we were talking about Miss Campbell now,

14  I believe.  She's the one who is on kidney dialysis.  We

15  originally contacted her on February 5th and left a message.

16  She called back and agreed to be deposed.

17          We then sent a letter and an email on February 12th

18  confirming this.  On the 16th, we sent a -- left a message

19  about changing the date and time.  For some reason, there was

20  some shuffling around.  I assume in coordination with opposing

21  counsel.

22          We left another message on the 18th and again on the

23  19th.  On the 20th, she called back and said the change of date

24  did not work with her schedule, because she had a doctor's

25  appointment.  On the 23rd, we called and left another message.

1    And then on the 25th, she called back and said that her health

2    had deteriorated.  She was on kidney dialysis and did not think

3    that she could make it through a deposition.

4             We have since followed up.  I do not have a -- but I

5    believe our legal secretary has since followed up and she

6    continues to refuse given her medical condition.

7             THE COURT:  Well, that's the question.  Do you have

8    documentation or proof that she has an issue?  She obviously

9    agreed and, within a very short period of time, as the day got

10   near, now she reports to you, for the first time, that she has

11   a health problem.  That she didn't think she could sit through

12   a deposition.

13            So, do you have any verification from -- for opposing

14   counsel that she -- things happen.  People have deteriorated

15   health.  But I understand opposing counsel being a bit

16   suspicious that she originally agrees to participate, and they

17   are working with you on alternative dates, and then all of a

18   sudden she doesn't want to appear.

19            MS. THRONSON:  Certainly, Your Honor.  We do not have

20   that documentation at this time, but we'd be happy to get it if

21   opposing counsel and the Court would like to see it.

22            THE COURT:  And what is Plaintiff Marsellos's current

23   situation?

24            MS. THRONSON:  Plaintiff Marsellos was -- we had

25   contacted her via a number of letters throughout February.  And

1  in March, she called us and told us that she had moved and had

2  different contact information.  She initially indicated that

3  she was available to be deposed, but then called back

4  indicating that she had recently undergone some medical

5  treatment and is now currently under prescription medication

6  that would impede her ability to give accurate and truthful

7  testimony.

8          And again, we do not have that physical

9  documentation, but we'd be happy to get the Court and/or

10  opposing counsel that if necessary.

11          THE COURT:  Well, she was able to call your office

12  and communicate with your office intelligibly; correct?

13          MS. THRONSON:  Yes, Your Honor.

14          THE COURT:  So, what, other than her say-so, do you

15  have to indicate that she couldn't give competent testimony?

16  She's smart enough and intelligent enough to call and try to

17  get out of it.  Why isn't she competent to testify?

18          MS. THRONSON:  Forgive me, Your Honor.  I'm trying to

19  give you the answer without impeding upon very highly

20  confidential information that our plaintiff is sharing with us.

21  So, it makes me uneasy to put it on public record if that --

22          THE COURT:  Is it a medical issue that you are aware

23  of?

24          MS. THRONSON:  Yes, Your Honor.

25          THE COURT:  All right.

1          MS. THRONSON:  It involves not a physical disability

2     but rather mental issues.  And so, like I said, we would be

3     happy to submit to the Court documenting that, but I feel

4     uncomfortable divulging --

5          THE COURT:  That's fine.  I'm just trying to -- you

6     have a number of people that just don't want to testify.  And

7     some of them are saying it's because they are afraid of

8     retaliation, and they are current employees, and they will be

9     protected from retaliation by this Court.  So, their fears are

10    unfounded, and I'm going to compel them to -- to appear for

11    their deposition.

12         I will grant Plaintiff Turcios and Plaintiff Posey,

13    and the order compelling them to appear will contain a

14    provision that the defendants shall not retaliate against them

15    for providing testimony, and the Court retains jurisdiction for

16    any sanctions that may be appropriate should they prove the

17    defendants have.

18         They are a professional corporation, and they know

19    better than that, and they are represented by counsel who knows

20    absolutely how to advise their clients about their legal duties

21    and obligations.  So, those three are going to be compelled to

22    testify.

23         I'm going to require you to obtain documentation from

24    a treating physician for Campbell and Marsellos on a medical

25    opinion about whether they are able to sit for a deposition.

1   And if I understand correctly, defense counsel has only asked

2   for three hours of time; is that correct?

3          MS. KUBIN:  Your Honor, I expect it will be no more

4   than two hours, and it will be by videotape.  The depositions

5   are averaging between one and two hours.

6          THE COURT:  All right.  So, the physician should

7   opine whether either of those plaintiffs is unable to sit for a

8   two-hour deposition, given appropriate accommodation, if they

9   need a break, or stand up and stretch, or whatever it is that

10   their medical issue requires accommodation.

11          Plaintiff Taormina, T-A-O-R-M-I-N-A, I take it is not

12   a current employee?

13          MS. THRONSON:  Your Honor, I believe he is.  Let me

14   just verify.

15          THE COURT:  I'm not impressed with an excuse that

16   he's unable to take time off work when he's a current employee

17   that the defendants can make available.

18          MS. THRONSON:  Understood, Your Honor.  I would have

19   to double check.

20          THE COURT:  The same thing with Bolinger.

21          MS. THRONSON:  Yes, Your Honor.

22          THE COURT:  I'm going to require those seven

23   plaintiffs to appear for deposition unless, for good cause

24   shown, the two individuals have a medical condition that their

25   treating physician opines renders them incapable of sitting for

1   a deposition or medically unadvisable.

2          I'm not going to say they physically can't sit there

3   for a deposition, but if there's a medical reason why they

4   should not make themselves available for deposition, it's going

5   to be the burden on the plaintiff to make that showing.  And

6   otherwise, those seven will be required to appear for

7   deposition.

8          And do you know where they are located?  Are these

9   all Las Vegas, or are they in different locations, or do you

10  know?

11         MS. THRONSON:  Your Honor, as for the people who fear

12  retaliation, all of them are in Las Vegas.  Miss Campbell is in

13  Las Vegas.  She's the one on dialysis.  Miss Marsellos –– I am

14  sorry.  Excuse me.  Miss Campbell is in Louisiana.

15         Ms. Marsellos worked in Las Vegas but now currently

16  resides in California.  And then Mr. Bolinger is in Las Vegas,

17  and Mr. Taormina is in Louisiana.

18         THE COURT:  Excuse me.  All right.  So, I want you to

19  contact all of those individuals forthwith, if not today,

20  tomorrow, and make arrangements with opposing counsel to

21  schedule their depositions as expeditiously as possible.

22         With respect to the individuals who are

23  nonresponsive, what do you mean they are nonresponsive?  They

24  won't even get back with you?

25         MS. THRONSON:  Yes, Your Honor.  Well, there are

1    seven individuals right now who remain unreachable and/or

2    unresponsive.  And again, as I have detailed, we've sent

3    calls -- or we've called where we have phone numbers.  We've

4    sent multiple letters and emails where we have that contact

5    information.

6         Part of the problem is we do not have accurate

7    contact information for all these people.  We rely either on

8    the defendant to provide that contact information or these

9    individuals themselves to provide it on their opt-in consent

10   forms.  And so let me make sure I have accurate records here.

11        Ms. Contreras, who is scheduled to be deposed in Las

12   Vegas, she -- we do not have accurate -- we do not have a phone

13   number for her.

14        THE COURT:  Do you know if she's a current employee?

15        MS. THRONSON:  Excuse me?

16        THE COURT:  Do you know if she's a current employee?

17        MS. THRONSON:  I do not have that -- no, I do not

18   know that off the top of my head.  I'm sorry, Your Honor.

19        Mr. Frampton is also a Vegas individual.  His phone

20   number rang to a fax number, and we have sent one, two -- at

21   least two letters and an email, and we have not heard from him

22   at all.

23        Mr. Sanchez Silvia [sic] -- forgive me, Your Honor.

24   Too many notes.  Let's see.  We left -- or co-counsel left one,

25   two, three messages, sent a letter.  The last time co-counsel

1   called, a woman answered and said that it was the wrong number.

2   So, since then we have sent two letters trying to get a hold of

3   him via mail.

4            THE COURT:  Is he in Las Vegas, as far as you know?

5            MS. THRONSON:  He is Las Vegas, yes, Your Honor.  N.

6   Seeley is also a Las Vegas individual.  We have -- between

7   co-counsel and our office have left one, two, three, four, five

8   messages, emailed once, and sent at least two letters, and we

9   have not heard back from him.

10           THE COURT:  All right.  There are two Seeleys on the

11  list.

12           MS. THRONSON:  Yes, there is a Maria Seeley and a

13  Neil Seeley, and both are scheduled for Las Vegas -- or noticed

14  for Las Vegas.

15           THE COURT:  And are they husband and wife?

16           MS. THRONSON:  I do not have the information to give

17  that --

18           THE COURT:  Do they have the same contact

19  information?

20           MS. THRONSON:  No, Your Honor.

21           THE COURT:  Henderson.

22           MS. THRONSON:  Miss Henderson is scheduled to be

23  deposed next Thursday on the 9th at 1:30 Pacific time.

24           THE COURT:  And that leaves Allen.

25           MS. THRONSON:  And Miss Allen has already been

1    deposed.  So, I'm -- I'm thinking that you may be going off

2    of --

3                 THE COURT:  Your opposition, yes.

4                 MS. THRONSON:  Our opposition.  So, what has changed

5    since our opposition, maybe that's the best way to move

6    forward.  So, since our opposition, there are 15 -- well, there

7    are 18 people who have been deposed.  15 are outstanding.

8                 I'll just walk through it, so that we make sure we

9    cover everybody.  Eight people claiming that they are unable to

10   attend for -- due to retaliation.  You have already addressed

11   Rand, Hernandez and Posey.

12                Mr. Hernandez -- excuse me.  Hernandez Turcios.

13                THE COURT:  I have ordered those seven people --

14                MS. THRONSON:  Yes.

15                THE COURT:  -- to appear --

16                MS. THRONSON:  Exactly.

17                THE COURT:  -- for their deposition.

18                MS. THRONSON:  I see --

19                THE COURT:  So, those are the seven.  Then you have

20   seven, at the time this opposition was filed, who had been

21   nonresponsive, one of whom you have now deposed and two who is

22   scheduled for deposition.  So, you have five people that are

23   nonresponsive.

24                MS. THRONSON:  Yes.  So, we addressed Contreras,

25   Frampton, Sanchez Silva, Neil Seeley, Maria Seeley.  In

1  addition, Mr. MacDonald, who lives in Utah and who defendant

2  has since agreed to take via video deposition, has not

3  responded to our efforts to reschedule.

4          So, he has fallen into the nonresponsive category,

5  which is why we have not been able to give defendant additional

6  dates for which to reschedule.  And then Mr. Nguyen, who is a

7  Louisiana deponent, initially confirmed, and we were set to do

8  a deposition preparation meeting with him, and he has since not

9  answered any of our calls or responded to our letters.  So he,

10  too --

11          THE COURT:  Where is he listed, please?

12          MS. THRONSON:  He -- in the response?  Or --

13          THE COURT:  Yes, in your response, so that I can

14  follow and make sure we have a correct spelling.

15          MS. THRONSON:  Yes, Your Honor.

16          MS. KUBIN:  Let me see.  In our response, as of

17  March 6th, he was listed in --

18          THE COURT:  I didn't see him.  That's why I'm --

19          MS. THRONSON:  Yes, Your Honor.  And I know -- it

20  appears he was inadvertently taken out in the editing of the

21  actual brief.  But in Miss Bailey's declaration, he is listed

22  on Page 3.  So, I apologize.

23          THE COURT:  Which category does he fall into?

24          MS. THRONSON:  Nonresponsive, Your Honor, at this

25  point.

1          THE COURT:  I still don't see him.  Where in her

2    declaration is he?

3          MS. THRONSON:  On Page 3, paragraph 11.

4          THE COURT:  N-G-U-Y-E-N.

5          MS. THRONSON:  Yes, Your Honor.

6          MS. KUBIN:  I have the first name of that witness, if

7    the Court wishes.

8          THE COURT:  Yes.

9          MS. KUBIN:  It is Quyen, Q-U-Y-E-N.  And if I may,

10   Your Honor, there's one additional that hasn't been addressed.

11         THE COURT:  Who is that?

12         MS. KUBIN:  That is Mr. Hernandez, who is the person

13   who reported the week of February 16 that he wasn't available

14   because of a death in the family.  But he was --

15         THE COURT:  Is that Hernandez Turcios or --

16         MS. KUBIN:  That's a different Hernandez, Your Honor,

17   yes.  That's Mario Hernandez.

18         THE COURT:  All right.  I am going to require, as I

19   said, the seven plaintiffs, who have indicated that they are

20   unavailable for depositions, for the reasons stated on Page 4

21   of the plaintiffs' opposition, to appear for deposition, within

22   the next 30 days, unless, for good cause shown, the two

23   Plaintiffs Campbell and Marsellos would be appearing against

24   medical advice.

25         So, the burden is going to be on the plaintiff to

1   establish good cause for their deposition not going forward.  I

2   will also require plaintiff Mario Hernandez to appear for

3   deposition within the next 30 days, as well as Plaintiff

4   McDonald, who originally agreed but is now nonresponsive, as

5   well as the five plaintiffs who are failing to respond to

6   multiple attempts by plaintiffs' counsel to get them to appear

7   and respond for deposition.

8          That is Contreras, Sanchez Silva, Frampton and both

9   Seeleys, Neil and Maria.  And the order will be provide that

10  their failure to appear for deposition, within 30 days, may

11  result in sanctions up to and including a recommendation to the

12  district judge that their cases be dismissed for their failure

13  to participate in discovery as ordered.

14         And counsel, I do not want to see you in this

15  district unilaterally noticing depositions.  You did wait until

16  very late in the discovery process.  I understand you folks

17  have been cooperative, and you've had some obstacles to

18  overcome.

19         Have you resolved the issue with respect to the 630

20  individuals that may or may not be appropriately part of this

21  class?  Counsel for plaintiff first, Miss Thronson.

22         MS. THRONSON:  Your Honor, unfortunately, I do not

23  have that answer, because I just recently came onto the case.

24  So, I would defer to defendant for representations on the

25  status of that dispute.

1          THE COURT:  Miss Kubin, has that issue been resolved

2    or is that still up in the air?

3          MS. KUBIN:  I believe it's been resolved, Your Honor.

4          THE COURT:  All right.  And, so, are those six -- and

5    what is the resolution?  I want to make sure we don't have

6    people being deposed that are in the group that both sides

7    acknowledge should not be participating if that's the --

8          MS. KUBIN:  And that was -- and that was a big cause

9    of any delay in noticing --

10         THE COURT:  I understand that.  But you --

11         MS. KUBIN:  -- depositions while we tried to sort

12    that out.

13         THE COURT:  -- but you nevertheless noticed these

14    unilaterally, which is not the way we expect litigants to

15    practice in this district.

16         MS. KUBIN:  I understand, Your Honor.  I do think

17    we've omitted one person, and I'm trying to --

18         THE COURT:  What was the resolution, first, with

19    respect to the 630?

20         MS. KUBIN:  I believe, but I'm a little fuzzy on

21    this, because it's been a while since I was involved with it.

22    But I believe that some or all of them were agreed not to be

23    within the scope of the collective action conditional class.

24         THE COURT:  I just want to make sure that we're not

25    deposing someone that both sides acknowledge doesn't belong in

1   the class.

2          MS. KUBIN:  We will make every effort for that not

3   to -- we certainly don't want that.  And, in fact, we

4   inadvertently did notice someone of that sort and replaced her

5   with someone --

6          THE COURT:  All right --

7          MS. KUBIN:  -- else.

8          THE COURT:  All right.  So, who are we missing after

9   this endeavor?

10         MS. KUBIN:  Well, that's what I'm trying to --

11  perhaps if I could just tick off.  I believe we've covered

12  Mario Hernandez, Joseph MacDonald.  I don't recall that we've

13  addressed -- oh, yes, we have.  Mary Ann Grant, Enrique

14  Hernandez Tercios, David Posey.  Linda Campbell we've got.

15  Gloria Marsellos we have got.  Santo Taormina we've got.  James

16  Bolinger, Claudia Contreras.

17         THE COURT:  Those are the individuals I just ordered

18  counsel to make available for deposition, with a warning that

19  should they not appear, sanctions may be imposed.  Contreras,

20  Sanchez Silva, Frampton, both Seeleys.

21         MS. KUBIN:  And Nguyen.

22         THE COURT:  And Nguyen, yes.

23         MS. KUBIN:  And Your Honor, if I may, given that the

24  Court is allowing 30 days for these depositions, may we have a

25  30-day extension on the dispositive motion cut-off date?

1          THE COURT:  Sure.  That would be silly not to do

2     that.

3          MS. KUBIN:  Okay.

4          THE COURT:  I'm trying not to compress the time

5     unreasonably.  These are a lot of logistics that are involved

6     in getting counsel's schedule and the witnesses' schedule

7     available at the same time.  If these individuals continue to

8     remain unresponsive and do not agree to appear for deposition,

9     I expect the parties to meet and confer to find substitute

10    deponents that fit the defendants' criteria.

11         And I expect you both to be reasonable and negotiate

12    in good faith to have someone who is available, who can be

13    deposed that fits the defendant's criteria.

14         They are obviously looking for a cross-section so

15    that they can brief the issue on certification or

16    decertification.  And with the large number of class members

17    that you have, that should not be a problem for you to find

18    somebody who is both available and fits your criteria.  Okay?

19         MS. KUBIN:  Very good.

20         THE COURT:  So, yes.  And I will grant a 30-day

21    extension of the deadline for filing dispositive motions and

22    push the joint pretrial order out another 30 days as well, so

23    that you can take these.  And the objective here, in giving you

24    30 days, is instead of giving you an unreasonably compressed

25    period of time that puts you both at each other's throats, I

 1  will give you 30 days to try to get these depositions noticed

 2  and scheduled.

 3       MS. THRONSON:  Your Honor, I just have a question

 4  logistically.  Is it the Court's expectation that defendant

 5  both be given the 30 days to depose these individuals, or for

 6  these individuals whom you have ordered to be produced, to have

 7  those be deposed as well as the substitutes deposed within

 8  those 30 days, or is there some --

 9       THE COURT:  That's correct.  If you know that these

10  people are just not responding to you period, and the order is

11  going to go out, and it's going to warn them that if they fail

12  to cooperate and fail to appear for deposition, that sanctions

13  may be imposed.

14       If they keep failing to respond, notwithstanding them

15  being advised that that is a potential sanction, you are going

16  to know that in very short order.  And I expect you to work

17  with opposing counsel to find substitutes for those who

18  continue to fail to appear.

19       MS. THRONSON:  Okay.  Forgive me.  I just want to

20  make sure that we are on the same page, and that I know, going

21  forward, what is expected of plaintiffs.  So, will there be a

22  Court order if they are unable to appear within the 30 days?  I

23  guess are you -- would you like plaintiffs --

24       THE COURT:  Right now, I am ordering all of the

25  individuals that I have named on the record to make themselves

1    available for a deposition, at mutually convenient dates and

2    times, within the next 30 days, with the warning that their

3    failure to do so may result in sanctions up to and including

4    case dispositive sanctions.  Okay?

5              MS. THRONSON:  Yes, Your Honor.

6              THE COURT:  So, I'm giving you the hammer over their

7    heads saying, this is the consequence if they fail to continue

8    to cooperate with you and make themselves available.  If you --

9    given that information, which I expect you to communicate

10   today, because it will take me a few days to get the order out

11   and to get it docketed.

12             I expect you to communicate that oral order to your

13   clients right now.  If they continue to fail to respond to your

14   attempts to get them to appear for deposition, you'll know

15   that, and you will confer with opposing counsel to try to find

16   a substitute within the next 30 days.  And I expect opposing

17   counsel to be very flexible with you as well and to pick people

18   that are available and local --

19             MS. THRONSON:  Yes, Your Honor.

20             THE COURT:  -- to make it possible.  Okay?  So, I'm

21   requiring both sides to act in good faith, which you are

22   obligated to do anyway.  But, okay?

23             MS. THRONSON:  Understood.

24             MS. KUBIN:  Thank you, Your Honor.

25             THE COURT:  All right.  And if these two ladies have

1   a bona fide medical issue, I would really expect opposing

2   counsel to be considerate and find a substitute for these two

3   ladies, if they have a bona fide issue that it would be a

4   problem for them to be deposed without formal motion practice

5   over it.  But it is the plaintiff's burden to establish.

6          MS. THRONSON:  Yes, Your Honor.

7          THE COURT:  All right.  Thank you, counsel.

8          MS. KUBIN:  Thank you, Your Honor.

9          MS. THRONSON:  Thank you, Your Honor.

10      (Recess, 10:40 a.m.)

11                     --oOo--

12              TRANSCRIBER'S CERTIFICATE

13      I, KATHERINE EISMANN, court-approved transcriber, certify

14  that the foregoing is a correct transcript from the official

15  electronic sound recording of the proceedings in the

16  above-entitled matter.

17

18

19  Date:  April 20, 2015.

20                      /s/ **Katherine Eismann**

21                      Katherine Eismann

22

23

24

25